IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LISA ANN HALE,                                         Civ.Case No. 3:10-951-PK

        Plaintiff,                                                    ORDER

v.

MICHAEL J. ASTRUE,

        Defendant.

MARSH, Judge

    Magistrate Judge Paul Papak issued a Findings and Recommendation (#23) on November 30, 2011, in which he recommends that the Commissioner's final decision in connection with plaintiff's application for Supplemental Security Income be reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

    Plaintiff has filed timely objections through her counsel (#25). Defendant has filed a response. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

    When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. See 28

1 - ORDER

U.S.C. § 636(b)(1)(B); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.)(en banc), cert. denied, 540 U.S. 900 (2003); accord McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).

In her first objection, plaintiff argues that Judge Papak erroneously concluded that the ALJ did not err when the ALJ failed to make specific findings at step three as to why plaintiff's impairments do not equal Listing 12.05. Plaintiff's first objection is rejected. Judge Papak carefully and thoroughly explained that plaintiff did not present evidence of equivalence to Listing 12.05 at the hearing. As Judge Papak correctly explained, plaintiff bears the burden of establishing equivalence at step three, and that plaintiff did not assert that she met Listing 12.05 at the hearing, or present any theory or evidence of equivalence at the hearing before the ALJ. Citing controlling Ninth Circuit precedent, Judge Papak correctly noted that under such circumstances, the ALJ was not required to make specific findings of equivalence. Burch v. Burnhart, 400 F.3d 676, 683 (9th Cir. 2005)(unless claimant presents evidence to establish equivalency, ALJ is not required to make equivalency determination); Lewis v. Apfel, 236 F.3d 503, 514 (9th Cir. 2001)(same). Accordingly, plaintiff's first objection does not provide a basis for modifying the Findings and Recommendation.

2 - ORDER

In her second objection, plaintiff contends that Judge Papak erroneously evaluated Dr. Barry's opinion. I disagree. Judge Papak carefully and thoroughly discussed the ALJ's rejection of Dr. Barry's opinion that plaintiff could not maintain competitive employment. And, as Judge Papak explained, Dr. Barry's opinion concerning plaintiff's ability to work was not adequately explained and must be revisited on remand. Therefore, plaintiff's second objection does not provide a basis for modifying the Findings and Recommendation.

In plaintiff's third objection, I agree with plaintiff that the ALJ did not provide adequate, germane reasons for rejecting the lay witness testimony of her mother, Debra Hale, and that Judge Papak has erred in failing make that specific finding. Plaintiff contends that when credited as true, the limitations described by Mrs. Hale - that plaintiff has difficulty getting along with others, is unable to concentrate for more than 20 minutes, and cries when she is stressed - establish that plaintiff is disabled. On that point, I disagree with plaintiff.

After carefully reviewing the pertinent portions of the record, I conclude that even if Mrs. Hale's testimony is credited as true, plaintiff has not established disability. Although the VE did testify that an individual with occasional marked deficits in concentration and attention would be unable to sustain competitive employment, I find the one statement allegedly made by Mrs. Hale

3 - ORDER

concerning plaintiff's inability to concentrate is insufficient to establish a "marked" deficiency on the record before me. (Tr. 53, 143-150.)

The lay testimony in question is contained in a third party function report. The first four pages of that exhibit appear to be completed by Mrs. Hale. (Tr. 143-146.) However, the final four pages of that exhibit are in a different handwriting, and is signed by Steve Hale, presumably plaintiff's father. (Tr. 147-150.) Perhaps plaintiff's parents each completed a third party function report, however, plaintiff offers no explanation for the incomplete reports and attributes the exhibit solely to Mrs. Hale. Additionally, exhibit itself is internally inconsistent, in that it describes plaintiff as requiring needing no reminders to complete personal care tasks, or household chores, and having no issues with concentration, but also states that plaintiff will lose interest if a task takes too long, and that she can only pay attention for 10 to 20 minutes. Under these circumstances, I conclude that this solitary exhibit does not establish marked deficiencies as described by the VE.

Moreover, it is not clear from the balance of the record that plaintiff is unable to maintain competitive employment even if the VE did not address her precise limitations. Cf. Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004). Therefore, I find that plaintiff has not established a disability, even if the lay

4 - ORDER

witness testimony is credited as true. Accordingly, on remand, the ALJ must reconsider the lay witnesses testimony and consider what impact, if any, it has on plaintiff's RFC and ability to perform work at steps four and five.

In her third objection, plaintiff also complains that Judge Papak erred in failing to require the ALJ to reconsider vocational counselor Ms. Mahony's opinion that plaintiff is unemployable. In the ALJ's decision, the ALJ discounted Ms. Mahony's opinion partially because it was inconsistent with plaintiff's activities of daily living (ADL).[1] In the Findings and Recommendation, Judge Papak determined that the ALJ improperly evaluated plaintiff's ADL's. Judge Papak consequently determined that the ALJ's decision concerning Dr. Barry's opinion was flawed to the extent it was premised on plaintiff's ADL's. Yet, Judge Papak upheld the ALJ's assessment of Ms. Mahony's opinion, despite that the ALJ's reasoning was premised on plaintiff's ADL's. Plaintiff requests that the ALJ also be required to reconsider Ms. Mahony's opinion on remand. I agree. Therefore, I conclude that the ALJ must reevaluate Ms. Mahony's opinion, and consider what impact, if any, it has on plaintiff's RFC and ability to perform work at steps four and five.

I have reviewed the pertinent portions of the record *de novo*,

---

[1] The parties agreed that Ms. Mahony was an "other" medical source.

5 - ORDER

and have carefully considered plaintiff's remaining objections and find no further error in the Magistrate's Findings and Recommendation. Because issues remain which must be resolved, and it is not clear from the record that plaintiff is disabled, Judge Papak's conclusion that the ALJ's decision must be reversed and remanded is correct.

In summary, I conclude that the Findings and Recommendation is well-reasoned, and free from error, with the exception of the findings pertaining to the lay witness Mrs. Hale and vocational counselor Ms. Mahony. The Findings and Recommendation is modified to reflect that on remand, the ALJ must reevaluate the lay testimony and Ms. Mahony's opinion, and consider what impact, if any, they have on plaintiff's RFC and ability to perform work at steps four and five.

## CONCLUSION

Based on the foregoing, I conclude the Magistrate Judge's Findings and Recommendation (#23) in this action is ADOPTED, as MODIFIED above. Therefore, the Commissioner's decision is reversed and remanded for further proceedings consistent with this Order.

IT IS SO ORDERED.

DATED this 9 day of JANUARY, 2012.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge

6 - ORDER